FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SEP 2 3 2003

REBECCA WILSON,

     Petitioner,

*[signature]*

CLERK

v.

     Civ. No. 03-0636 BB/RLP

BILL SNODGRASS, Warden, *et al.*,

     Respondents.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. After a jury trial, Petitioner Wilson was found guilty of Abuse of a Child Resulting in Death, a first degree felony, and judgment was entered against her on March 1, 2000. Answer, Exhibit A. The basic sentence of 18 years' imprisonment was enhanced by an additional 6 years by the trial court. *Id*; *see also State v. Wilson*, 24 P.3d 351, 353 (N.M. Ct. App), *cert. granted*, 26 P.3d 103 (N.M.), *cert. quashed*, 51 P.3d 527 (N.M. 2001). Wilson filed a direct appeal, Exhibits B-I. The New Mexico Court of Appeals ("NMCOA") affirmed her conviction, Exhibit J (24 P.3d 351 (N.M. Ct. App. 2001)), and certiorari was granted, Exhibit K (26 P.3d 103 (N.M. 2001)). After briefing was completed, Exhibits P, Q, and R, and the New Mexico Supreme Court (NMSC) heard oral arguments, the writ was quashed on December 26, 2001. Exhibit T (51 P.3d 527 N.M. 2001)).

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

14

2.     On December 2, 2002, Wilson filed a petition for writ of habeas corpus in state court. Exhibit V. The petition was summarily denied on April 30, 2003. A petition for writ of certiorari was filed on May 2, 2003, Exhibit Z, and was summarily denied on May 7, 2003, Exhibit AA. Wilson's petition was timely filed in federal court on May 27, 2003.

3.     In her federal petition Wilson, who is represented by counsel, alleges the following grounds for relief: (1) the sentence enhancements imposed by the trial court violated the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) trial counsel was constitutionally ineffective; (3) the trial court erred by dismissing one of Wilson's attorneys prior to the start of trial; and (4) cumulative error. Respondents have filed a Motion to Dismiss [Doc. 10], arguing that the third claim is procedurally defaulted and the remaining three claims are not cognizable on habeas review.

4.     The facts of the case are taken from the NMCOA published opinion.

> On July 20 1998, Defendant was at home alone with her two children and step-children. After the children went to bed, Defendant went in to check on them and found that the victim, her two and one-half year old step-son, was not breathing. Defendant called her husband and then called 911. She performed CPR on the victim until the ambulance and police arrived. The victim was transported to the emergency room where he was pronounced dead.

24 P.3d at 353.

5.     At trial Wilson argued that she playfully tossed the victim onto the bed and that his death was a "freak accident;" or it exacerbated a prior head injury; or that the victim had injured himself by banging his head on the floor. *Id.* at 354. The State produced medical testimony that the boy's injuries were inconsistent with any of the these theories

2

and that the severity of his head injuries, in addition to bruising found all over his body, indicated intentional child abuse.

6.     After the jury found Defendant guilty of child abuse resulting in death, the trial court held a sentencing hearing, as required by Section 31-18-15.1   The court found seven aggravating circumstances: (1) the viciousness of the crime, (2) the vulnerability of the victim, (3) the relationship between Defendant and the victim (as care giver and child), (4) Defendant's initial and continued deception, (5) a demonstrated lack of remorse by Defendant, (6) ongoing physical abuse in the home, and (7) the severe emotional trauma exercised by Defendant on other children in the household.

24 P.3d at 354.

Based on the foregoing factors, the trial court added six years to Wilson's basic 18-year term for a total term of 24 years' imprisonment. *Id.*

7.     *Apprendi* Claim. In *Apprendi*, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Apprendi* does not apply to sentencing factors that increase a defendant's guideline range when the statutory maximum is not increased. *United States v. Sullivan*, 255 F.3d 1256, 1264 (10th Cir. 2001).

8.     The NMCOA thoroughly analyzed New Mexico's sentencing statutes to determine if *Apprendi* was violated. *Wilson*, 24 P.3d at 354-359. The NMCOA concluded there was no violation because (1) the sentencing statutes define a permissible range of sentences, not a statutory maximum; and (2) the sentencing factors did not constitute elements of the crime. *Id.* For example, 31-18-15(A) provides for "basic sentences." A

3

first degree felony's basic sentence is 18 years. § 31-18-15(A)(1).   Section (B) of that

statute further provides that the basic sentence shall be imposed unless the court alters

the sentence pursuant to other statutes, including § 31-18-15.1.   That section authorizes

a court to hold a sentencing hearing to determine whether the basic sentence should be

increased or decreased based on aggravating or mitigating  circumstances.   § 31-18-

15.1(A).  Section 31-18-15.1(C) provides that a court has no authority to increase a basic

sentence by more than one third.   Thus, it could be said that the maximum allowable

sentence for a first degree, non-capital felony is 24 years (the 18-year basic sentence, plus

one-third of that amount, which is 6 years).  Because Wilson's sentence did not exceed the

maximum sentence of 24 years, *Apprendi* is not violated.   24 P.3d at 356-57.

> 9.     The NMCOA determined that because § 31-18-15.1 allows the trial court to

consider, without defining, any mitigating or aggravating facts of the crime and about the

offender, these factors cannot be considered elements of the crime.  24 P.3d at 358 (citing

similar cases).  The court concluded that "New Mexico sentencing law and practice are

consistent with the *Apprendi* decision."  *Id.* at 359.

> 10.     Under AEDPA, federal courts on habeas review may not afford relief unless

the state court's opinion is "contrary to," or "involves an unreasonable application of" clearly

established federal law as defined by the United States Supreme Court.  § 2254(d).  The

foregoing analysis by the NMCOA is clearly in accord with *Apprendi* and therefore

petitioner cannot prevail on this claim.

> 11.     Ineffective assistance of counsel. This claim is premised on trial counsel's

failure to file motions, call witnesses, convey a plea agreement to Wilson, and request a

4

lesser-included-offense instruction   The standard for ineffective assistance of counsel is whether counsel's performance is deficient and, if so, whether that deficiency caused prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668 (1984).   Both elements must be met.

12.   Wilson argues that several witnesses were not cross-examined, only six defense witnesses were called, no discovery motions were filed, and no pretrial motions were filed. Wilson states that if her mother and grandmother had been called, they would have testified about her step-son's "strange behavior." Petitioner's Response [Doc. 12] at 10.   She does not offer any more detail about what other witnesses would have said or what motions should have been filed. These complaints are simply too conclusory to afford relief on this ground.

13.   As for counsel's failure to convey the State's plea agreement to his client, such a failure may constitute ineffective assistance under *Strickland*.   Nevertheless, Wilson must show prejudice. The plea agreement offered no reduction in sentence and did not preclude the State from seeking enhancements. In short, the agreement would have placed Wilson in no better position than she was going in to trial. She asserts in an affidavit that had she known about the agreement, she would have "been open for negotiations." Exhibit to Petition [Doc. 1].

14.   Being "open" to negotiations falls short of showing that Wilson would have accepted the plea agreement, which is necessary to show prejudice. *See Purdy v. United States*, 208 F.3d 41, 45 (2d Cir. 2000). Moreover, at sentencing Wilson continued to argue that her step-child's death was a freak accident and that she was not guilty. Exhibit G to

Answer, at 10. That fact is inconsistent with showing she would have accepted the plea offer. *See Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999). Because Wilson has failed to show the prejudice required under *Strickland*, this claim fails.

15.     Wilson argues that counsel was constitutionally ineffective for failing to request a lesser-included-offense instruction of involuntary manslaughter. In New Mexico, "child abuse is a strict liability crime that does not require proof of criminal intent because it may be committed 'knowingly, intentionally or negligently." *State v. Herrera*, 33 P.3d 22, 27 (N.M. Ct. App.) (quoting N.M.S.A. (1975) § 30-6-1(C)), *cert. denied*, 33 P.3d 284 (2001). "The principal reason for establishing strict liability crimes is that the public interest in the matter is so compelling or that the potential for harm is so great, that public interests override individual interests." *State v. Rios*, 980 P.2d. 1068, 1070 (N.M. Ct. App.), *cert. denied*, 981 P.2d 1208 (1999). Thus, with child abuse resulting in death, the jury must find that the defendant committed the act that resulted in death; not that she intended the act to result in death. *State v. Mann*, 11 P.3d 564, 570 (N.M. Ct. App. 2000), *aff'd*, 39 P.3d 124 (N.M. 2002).

16.     The involuntary manslaughter jury instruction requires that an act be done knowingly with a willful disregard for the safety of others. N.M.U.J.I. 14-231. Those elements are all components of the instruction on child abuse resulting in death or great bodily harm, 14-602. Indeed, the Use Notes for 14-602 indicate that "child abuse resulting in death . . . includes first degree murder, second degree murder, voluntary manslaughter and involuntary manslaughter . . . ." Based on the foregoing, counsel was not ineffective for failing to request a separate jury instruction for involuntary manslaughter; that crime is

6

encompassed in the jury instruction given.

17.    Trial error.   Wilson argues the trial court erred in dismissing counsel for a conflict of interest.  The Respondent notes this issue should have been raised on direct appeal and is therefore procedurally defaulted.    Wilson responds that this claim is inextricably tied with her ineffective assistance of counsel claim and therefore not defaulted because it was addressed in her state habeas petition.  To the extent that Wilson is arguing that she was deprived of a fair trial when the more senior attorney was dismissed due to a conflict of interest, that claim necessarily merges with her ineffective assistance claim.  Because trial counsel was not ineffective, this claim also fails.  The court is not aware of an independent constitutional right that would be implicated under these circumstances, and Wilson has shown none.

18.    Cumulative error.   Wilson argues "cumulative error," based on all of the trial court's errors, but does not give this court any indication what those alleged errors might have been other than the one's mentioned above and were not resolved in Wilson's favor. This claim also fails.

RECOMMENDED DISPOSITION

I recommend that the petition for writ of habeas corpus be denied and this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

7